DAVID E. MASTAGNI, ESQ. (SBN 204244)
TASHAYLA D. BILLINGTON, ESQ. (SBN 307050)
TAYLOR DAVIES-MAHAFFEY, ESQ. (SBN 327673)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 I Street
Sacramento, California 95811-3151
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs
Nicholas Escalona, Ryan Grothe, and Lino Perez-Rojas

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ESCALONA, RYAN GROTHE, AND LINO PEREZ-ROJAS on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>THE PALOMAR HEALTH FOUNDATION, DOES 1-100 inclusive,<br><br>Defendant. | Case No.: **'21CV0904 MMA BLM**<br><br>[CLASS ACTION AND COLLECTIVE ACTION]<br><br>**COMPLAINT FOR:**<br>**1. Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201** *et seq.*)**;**<br>**2. Failure to Pay Minimum Wage (Cal. Labor Code §§ 1182.12, 1197, Wage Order 4, §4)** |

## INTRODUCTION

1. This is a collective/class action, seeking unpaid overtime wages, liquidated damages, minimum wages, interest thereon, damages and other penalties, injunctive relief, declaratory relief and reasonable attorney fees and costs, under, *inter alia*, the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. section 201, *et seq.* and California law.

2. This action arises from Defendant THE PALOMAR HEALTH FOUNDATION's (hereinafter "Defendant") failure to compensate Plaintiffs and all similarly situated individuals for work performed during their meal breaks in violation of the FLSA and California law.

## PARTIES

3. NICHOLAS ESCALONA, RYAN GROTHE, AND LINO PEREZ-ROJAS ("Plaintiffs") are natural persons who are and were at all relevant times residents of California. At all times relevant hereto, Plaintiffs were employed by Defendant in non-exempted positions at its hospitals located in Poway, Escondido, and downtown Escondido, California. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals who Defendant failed to properly compensate for hours worked within the four years prior to filing this action.

4. On information and belief, PALOMAR HEALTH FOUNDATION ("Defendant") is a domestic nonprofit district organized under the laws of the state of California, with its corporate headquarters located in San Marcos, California. On information and belief, Defendant employs or has employed, at least one hundred (100) individuals in non-exempt positions related to its hospitals located in Poway, Escondido, and downtown Escondido, California during the applicable statutory time periods stated herein. At all relevant times, Defendant is and was Plaintiffs' and Collective Action Members' and Class Action Members' "employer" as defined herein pursuant to 29 U.S.C. § 203 and California Law.

5. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. Those individuals constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated.

///

6. The named Plaintiffs will fairly and adequately reflect and represent the interests of those similarly situated. There is no conflict as to the individually named Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief set forth herein.

## JURISDICTION AND VENUE

7. Jurisdiction for this collective and class action is conferred on this Court by 28 U.S.C. § 1331, and § 216(b) of the FLSA. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over the California law claims alleged in this action pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as the aforementioned claims.

9. The United States District Court for the Southern District of California has personal jurisdiction over Defendant because it does business in California and within this District, and because the acts as described herein giving rise to this action occurred in this State and within this District.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) & (c) because a substantial part of the events giving rise to the claims described herein, including the work performed by Plaintiffs and Collective Action Members and California Class Members, and the underpayment of wages earned but unpaid, occurred within the Southern District of California. Further, on information and belief, Defendant continues to perform substantial business operations within the Southern District of California. Plaintiffs are currently employed by Defendant and performed work giving rise to the claims set forth in this action within the Southern District of California. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the state of California and within this judicial district. Defendant is or was, at all times relevant hereto, a person, trust, corporation or other business entity existing and operating within the confines of the state of California, employing individuals to work within this

state and this District, and thus subject to the jurisdiction of California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by Plaintiffs and Collective Action Members and California Class Members, and did transact and conduct business in the state of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the state of California. Defendant maintains offices, operate businesses, employ persons, conducts business in, and pays employees by illegal payroll practices and policies in the state of California and within this District.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs bring this action as a collective action on their own behalf and on behalf of all others similarly situated under the provisions of 29 U.S.C. section 216 for damages, liquidated damages under a three-year statute of limitations, and relief incident and subordinate thereto, including costs and attorney fees.

12. The class represented by Plaintiffs and of which Plaintiffs are themselves members consists of current employees and former employees of Defendant, whom Defendant failed to fully compensate in the statutorily required amounts for all hours of overtime worked.

13. The exact number of members of the class identified and described above is not known, but is estimated to be approximately 100 members. The class is so numerous that joinder of individual members herein is impracticable.

14. Common questions of law and fact in the action exist that relate to and affect the rights of each member of the class, namely, whether Defendant owes Plaintiffs overtime compensation for hours of work performed by Plaintiffs during on duty meal periods.

///

///

///

15. The attorneys for Plaintiffs are experienced and capable in the field of the FLSA and labor/employment litigation and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel for Plaintiffs, David E. Mastagni, Tashayla D. Billington, and Taylor Davies-Mahaffey will actively conduct and be responsible for Plaintiffs' case herein.

16. This action is properly maintained as a collective action because the prosecution of separate actions by individual members of the class would create a risk of varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the Defendant and, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs, as class representatives, bring this action on behalf of themselves and a class of similarly situated individuals, pursuant to Federal Rule of Civil Procedure 23. The proposed class includes all individuals employed by Defendant as Security Officers, Lead Security Officers, and Per Diem Security Officers during the period beginning four years before the filing of this action, or the effective date of any equitable tolling, whichever is earlier, and ending at the time this action proceeds to final judgment or settlement (the "Class Period"). Plaintiffs reserve the right to name additional class representatives and to identify sub-classes and sub-class representatives as may be necessary and appropriate.

18. <u>Ascertainability.</u> The identity of all Class Members is readily ascertainable from Defendants' records, and class notice can be provided to all Class Members by conventional means such as U.S. mail, email, and workplace postings.

19. <u>Numerosity</u>. The size of the class makes a class action both necessary and efficient. On information and belief, the class consists of around 100 non-exempt individuals currently employed or formerly employed by Defendants who

performed work within the State of California during the applicable statute of limitations period(s). Members of the class are ascertainable but so numerous that joinder is impracticable. The class includes future class members who will benefit from the monetary, declaratory and injunctive relief sought herein and whose joinder is inherently impossible.

20. <u>Common Questions of Law and Fact.</u> This case poses common questions of law and fact, which are likely to generate common answers advancing resolution of the litigation, affecting the rights of all Class Members, including:
    a. The legality of Defendant's compensation practices;
    b. Defendant's policies, practices, programs, procedures, protocols, and plans regarding the prompt payment of wages;
    c. Whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding recording and calculation of the payment of overtime are lawful;
    d. Whether Defendant's failure to pay Plaintiffs and Class Members for meal periods during which they were not completely relieved of all duty constituted a violation of California's minimum wage law;
    e. Whether Plaintiffs and Class Members are entitled to penalties pursuant to the Private Attorneys General Act ("PAGA") for Defendant's violation of the California Labor Code and IWC Order No. 4;

21. <u>Typicality.</u> The claims of the individual Plaintiffs are typical of the claims of the class as a whole. Defendant's unlawful wage policies and practices, which have operated to deny Plaintiffs the overtime premiums, minimum wage for all hours of worked, and other compensation, penalties, and protections required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other Class Members lawful compensation.

///
///

22. <u>Adequacy of Class Representation.</u> The individual Plaintiffs can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, not antagonistic to, the interests of the Class.

23. <u>Adequacy of Counsel for the Class.</u> Counsel for Plaintiffs have the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment and class action attorneys who have successfully litigated other cases involving similar wage and hour issues, including on a class action basis.

24. <u>Propriety of Class Action Mechanism.</u> This suit is properly maintainable as a class action under Federal Rule of Civil Procedure 23 because Defendant has implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. This suit is also properly maintainable as a class action because the common questions of law and fact predominate over any questions affecting only individual members of the class. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

## GENERAL FACTUAL ALLEGATIONS

25. Plaintiffs are, or were, employed by the Defendant within the last four years. Plaintiffs held the positions of Security Officer, Lead Security Officer, or Per Diem Security Officer.

26. At all times relevant hereto, Defendant suffered or permitted Plaintiffs and other similarly situated individuals to work hours beyond statutory thresholds for overtime compensation required by the FLSA.

///

///

27. At all times relevant hereto, Defendant had a policy and/or practice of requiring, suffering, and permitting Plaintiffs to perform uncompensated work during their meal break periods.

28. Defendants required full-time Plaintiffs to work eight-and-a-half hour days, which included one unpaid half-hour lunch period per day.

29. During meal breaks, Plaintiffs were required to monitor their radios and/or cell phones and respond to any calls for assistance. Plaintiffs could be discipline for failing to do so.

30. At all times relevant hereto, Defendant did not compensate Plaintiffs for the required work performed during their meal periods.

31. At all times relevant hereto, Plaintiffs worked during meal periods for which they were not compensated.

32. Plaintiffs are informed and believe that at all times relevant hereto, Defendant was aware that Plaintiffs performed work during their meal period without compensation.

33. At all times herein mentioned, Defendant knew that work performed during the meal period by Plaintiffs constituted compensable work because Plaintiffs raised the issue with Defendants on a number of occasions.

34. Plaintiffs are informed and believe, and therefore allege that at all times relevant hereto Defendant was notified that the FLSA required Defendant to compensate Plaintiffs for the work they performed during their meal period.

35. Plaintiffs are informed and believe and therefore allege Defendant knowingly and intentionally refused to provide Plaintiffs compensation for all overtime hours worked as described above.

36. Plaintiffs are informed and believe, and therefore allege that at all times relevant hereto Defendant's conduct of not compensating Plaintiffs for the duties performed during their meal periods was willful and resulted in failure to pay all overtime.

37. Plaintiffs further allege that Defendant knew or recklessly disregarded the requirements of the FLSA by not compensating Plaintiffs for the hours worked during their meal periods, and therefore failing to pay overtime owed under the FLSA.

## FIRST CLAIM FOR RELIEF

### Violations of the Fair Labor Standards Act

### [29 U.S.C. §§ 201 *et. seq.*]

**(Brought by Plaintiffs on behalf of themselves and all Collective Action Members)**

38. Plaintiffs incorporate by reference each and every paragraph above inclusive as though set forth fully herein.

39. Defendant suffered or permitted Plaintiffs to perform hours of uncompensated work during their meal periods, resulting in failure to compensate all overtime at one and one-half times the regular rate of pay.

40. Plaintiffs' work was not voluntary, but was expected or required by the Defendant.

41. At all times relevant hereto, Defendant was aware Plaintiffs were performing this work without compensation.

42. At all relevant times, Defendant required Plaintiffs to perform work during meal periods by requiring them to:
   a. respond to calls from the Defendant;
   b. respond to calls from hospital staff;
   c. respond to requests from the public;
   d. carry a radio or mobile phone, and answer calls directed to them;
   e. remain on duty.

43. During meal periods, Plaintiffs are and were not permitted to:
   a. sleep;
   b. ignore work related calls; or
   c. drink alcoholic beverages.

44. If Plaintiffs failed to obey these terms, Plaintiffs could be subject to discipline, up to an including termination.

45. Pursuant to United States Code of Federal Regulations, 29 C.F.R. section 785.19:

> The employee must be completely relieved from duty for the purposes of eating regular meals. ... The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

46. Because Plaintiffs were not completely relieved from duty, their meal break periods are compensable.

47. In *Kohlheim v. Glynn County, Ga.* (11th Cir. 1990) 915 F.2d 1473, 1477, the court held that firefighters that were required to remain at the station and were subject to emergency calls during meal periods must be compensated. The Court noted that "The mealtime restrictions benefit the county by ensuring maintenance of an available pool of competent firefighters for immediate response to emergency situations." *Id.*

48. Similarly, in *Abendschein v. Montgomery County, Md*. (D. Maryland 1997) 984 F.Supp. 356, 365-66, the Court found that correctional officers who were required to carry radios and occasionally respond to calls were not "completely relieved of duty." The court found that when employees are prevented from leaving their work area or required to respond to their radio during meal periods, "they are still being used as part of a security force" and "deserve to be paid for the service they are providing." (*Id.* at 366.)

49. Defendant has a duty to ensure that Plaintiffs' activities are not performed if it does not want the work performed. Pursuant to the United States Code of Federal Regulations, 29 C.F.R. section 785.13:

> In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough.

       Management has the power to enforce the rule and must make every effort to do so.

50. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs for all hours worked.

51. Plaintiffs repeatedly complained that Defendant's policy and practices violated the FLSA.

52. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs overtime compensation for all hours worked in excess of the applicable maximum weekly hours established by the FLSA.

53. At all times relevant hereto Defendant, through its agents and representatives, willfully and knowingly violated the FLSA by failing to compensate Plaintiffs for work performed in excess of forty hours per work week.

54. At all times relevant hereto Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith, and was a willful violation of the FLSA. Thus, Plaintiffs are entitled to a three-year statute of limitations.

55. As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiffs seek damages for three years' back pay of overtime compensation, as well as an equal amount in liquidated damages.

56. Plaintiffs also seek reasonable attorney fees pursuant to 29 U.S.C. section 216(b).

## SECOND CLAIM FOR RELIEF

**Failure to Pay Minimum Wages for all Hours Worked**

**[Cal. Labor Code §§ 218, 218.5, 218.6, 1182.12, 1194, 1197, 1198; IWC Wage Order No. 4 §4]**

**(Brought by all Plaintiffs on behalf of themselves and All Class Members)**

57. Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporate by reference all previous paragraphs.

58. California Labor Code §§ 1182.12 and 1197, and IWC Wage Order No. 4 § 4, require employers to pay employees minimum wage for all hours worked. California does not allow an employer to satisfy its minimum wage obligation by taking all compensation actually paid and dividing it by all hours worked. Rather an employee must be compensated at their agreed and/or statutory rate for all hours worked. (See *Bluford v. Safeway, Inc.* (2013) 216 Cal.App.4th 864, 872; *Gonzalez v. Downtown Motors* (2013) 215 Cal.App.4th 36; *Armenta v. Osmose, Inc.* (2006) 135 Cal.App.4th 314, 320.)

59. Defendants are subject to these minimum wage requirements as a public employer. (See Wage Order No. 4 § 4; 8 Cal. Code Regs. § 11040; *Sheppard v. North Orange County Regional Occupational Program* (2010) 191 Cal.App.4th 289, 300-308.)

60. The California Labor Code and Wage Order 4 require an employer to completely relieve employees from all duties during meal periods. Security Officers who are required to remain on call and monitor their radios during meal periods are not completely relieved of duty. (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257.)

61. California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits. California Labor Code § 1194(a) provides that an employer that has failed to pay its employees their agreed upon rate or at least the legal minimum wage for all hours worked is liable to pay those employees the unpaid balance, interest thereon, attorney fees and costs.

62. During the Class Period, Defendant required Plaintiffs and Class Members to monitor their radios and/or cell phones during meal periods and respond to all calls for assistance from hospital staff. Defendant unilaterally deducted these on duty meal periods from the total hours worked by Plaintiffs and Class Members. As such, Plaintiffs and Class Members did not receive any compensation for these on duty meal periods.

63. As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiffs and Class Members have sustained economic damages and are entitled to unpaid contract rate/statutory wages, and lost interest, in an amount to be established at trial. Further, Plaintiffs, as aggrieved employees are entitled to seek attorney fees and costs for Defendant's violations of the California Labor Code and IWC Wage Order 4 §4.

### THIRD CLAIM FOR RELIEF

**California Labor Code Private Attorneys General Act**

**[Cal. Labor Code §2698 *et seq.*]**

**(Brought by all Plaintiffs on behalf of themselves and All Class Members)**

64. Plaintiffs, on behalf of themselves and the California Class, re-allege and incorporate by reference all previous paragraphs.

65. Under the California Labor Code Private Attorneys General Act, California Labor Code §§ 2698-99 ("PAGA"), any aggrieved employee may bring a representative action as a Private Attorney General on behalf of the general public, including all other aggrieved Plaintiffs, to recover civil penalties for their employers' violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the Labor Code, and must be allocated 75 percent to the State of California's Labor and Workforce Development Agency and 25 percent to the aggrieved worker, pursuant to California Labor Code § 2699.

66. Based on the foregoing Defendant's employment of Plaintiffs and Class Members during the Class Period is/was unlawful under the California Labor Code, IWC Order 4, and actionable under PAGA.

67. Plaintiffs allege, on behalf of themselves, all aggrieved current and former Plaintiffs and/or on behalf of the Class, as well as the general public of the State of California, that Defendant has violated the following provisions of the California Labor Code and the following provisions of the IWC Wage Orders

that are actionable through the California Labor Code and PAGA, as previously alleged herein: California Labor Code § 1197 and IWC Wage Order No. 4 § 4. Each of these violations entitles Plaintiffs, as private attorneys general, to recover the applicable statutory civil penalties on their own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

68. California Labor Code § 2699(a), which is part of PAGA, provides in pertinent part "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or Plaintiffs, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former Plaintiffs pursuant to the procedures specified in Section 2699.3."

69. California Labor Code § 1197.1 provides that any employer who fails to pay employees minimum wage "shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated

        damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

        (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

70. Thus, Plaintiffs are entitled to civil penalties, to be paid by Defendant and allocated as PAGA requires, pursuant to California Labor Code § 2699(a) for Defendant's violations of the California Labor Code and IWC Wage Order.

71. Pursuant to the notice requirements of the California Private Attorneys General Act (Cal. Labor Code §§ 2698 *et. seq.*), Plaintiffs dispatched notice detailing the foregoing violations via certified mail to Defendant and the California Labor Workforce and Development Agency ('LWDA") on January 5, 2021. The LWDA has declined to communicate their intent at this time to investigate the allegations set forth in this notice and their opportunity to do so has expired.

72. Therefore, Plaintiffs have complied with all of the requirements set forth in California Labor Code § 2699.3 and are entitled to pursue a representative action under PAGA since the LWDA declined to communicate its intent to investigate within the time frame provided by PAGA.

73. Under PAGA, Plaintiffs, the Class, and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order No. 4 that are alleged in this Complaint.

## PRAYER

WHEREFORE, Plaintiffs pray judgment as follows:

1. For Conditional Certification of the Collective Action Class;
2. For Facilitated Notice to the Collective Action Class;
3. Designation of Plaintiffs as representatives of the Collective Action Class;
4. Designation of Plaintiffs' counsel as counsel for the Collective Action Class;

5. For recovery of unpaid overtime compensation and interest thereon plus an equal amount in liquidated damages for Plaintiff and all Collective Action Members pursuant to 29 U.S.C. § 216(b);

6. For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore Plaintiffs are entitled to recover damages under a three-year statute of limitations;

7. Certification of this action as a class action on behalf of the proposed class under Federal Rule of Civil Procedure 23;

8. Designation of Plaintiffs as representatives of the California Class;

9. Designation of Plaintiffs' counsel as counsel for the California Class;

10. An award of wages to Plaintiffs' and Class Members at their agreed upon and/or statutory rate plus interest for Defendant's unilateral deduction of on duty meal periods from the total hours worked;

11. An award of statutory penalties pursuant to California Labor Code §§ 1197.1 and 2698-99 for the violations stated herein;

12. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable policies to clearly indicate that Plaintiffs will be compensated for on-duty meal periods;

13. For declaratory relief that includes the following:

    a. A judgment declaring that Defendant's requirement that Plaintiffs and Collective Action Members remain on call during meal periods constitutes compensable time under the FLSA;

    b. A judgment declaring that Defendant's failure to pay all overtime compensation due to Plaintiffs and Collective Action members under the FLSA was not in good faith entitling them to liquidated damages;

    c. A judgment declaring that Defendant's failure to pay all overtime compensation due to Plaintiffs and Collective Action members under the

FLSA was reckless and/or an intentional, knowing, constituting a willful violation;

    d. A judgment that Defendant's unilateral deduction of hours worked for meal periods in which Plaintiffs and Collective Action and California Class Members were not completely relieved of all duties constituted a violation of the FLSA and California's minimum wage law.

14. Attorney fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to 29 U.S.C. § 216(b), California Labor Code § 1194, and California Code of Civil Procedure § 1021.5, and such other provisions as may be applicable;
15. Costs of suit;
16. An incentive award for Plaintiffs for bringing this action; and
17. Such other and further relief as is equitable, just, and proper.

Respectfully submitted,

Dated: May 12, 2021  **MASTAGNI HOLSTEDT, A.P.C.**

*/s/ Taylor Davies-Mahaffey*
TAYLOR DAVIES-MAHAFFEY, ESQ.
Attorneys for Plaintiff